Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs,
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>FRANK WILLIAM MITCHELL, individually and dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS,<br><br>Defendant. | Case No.: C08-0530 MMC<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          May 13, 2008<br>Time:         9:00 a.m.<br>Courtroom: E, 15th Floor<br>                    450 Golden Gate Avenue<br>                    San Francisco, California<br>Judge: The Honorable Elizabeth D. Laporte |

TO FRANK WILLIAM MITCHELL, individually and dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS ("Defendant"):

PLEASE TAKE NOTICE that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs will move and do hereby move for a default judgment against Defendant and in Plaintiffs' favor in this matter. A hearing shall be conducted on May 13, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Elizabeth D. Laporte, in

1
**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C08-0530 MMC**

Courtroom E, 15th Floor, Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California.

## POINTS AND AUTHORITIES

**I. STATEMENT OF RELIEF SOUGHT**

Plaintiffs seek entry of a judgment by default ordering Defendant to provide payment of delinquent employee benefit contributions for hours worked by its employees during the period from July 2007 through October 2007, plus all unpaid liquidated damages as well as the interest incurred thereon, and the resulting attorneys fees and costs, together with any additional unpaid amounts due at the time of judgment, as follows:

| WORK MONTH | CONTR. OWED | LD (10%) | DAYS DELINQUENT | INTEREST (7% AS OF 4/3/08) | BALANCE |
|---|---|---|---|---|---|
| | | | | | ($314.98) |
| July 2007 | $2098.04 | $209.80 | 227 (x .44) | $99.88 | $2,092.74 |
| August 2007 | $5,132.81 | $513.28 | 196 (x 1.08) | $211.68 | $5,857.77 |
| September 2007 | $6,680.07 | $668.01 | 166 (x 1.41) | $234.06 | $7,582.14 |
| October 2007 | $6,355.79 | $635.58 | 135 (x 1.34) | $180.90 | $7,172.27 |
| **TOTAL** | **$20,266.71** | **$2,926.67** | | **$726.52** | **$22,704.92** |

Contributions, LD, and interest (7/07 - 10/07)     $22,678.67
Attorneys Fees (1/14/08 - 04/03/08)                $3,494.00
Costs of Suit (1/23/08 – 4/03/08)                  $616.45
**TOTAL**                                          **$26,789.12**
                                                   **plus 7% p/a interest**

See <u>Declaration Rose Cortez In Support of Motion for Entry of Default Judgment</u> ("Cortez Declaration"); and <u>Declaration of Michele Stafford In Support of Motion for Entry of Default Judgment</u> ("Stafford Declaration.")

2
**NOTICE OF MOTION FOR DEFAULT JUDGMENT
CASE NO.: C08-0530 MMC**

## II. STATEMENT OF FACTS

Plaintiffs are employee benefit plans and their trustees (collectively "Trust Funds"). See Cortez Declaration; and Stafford Declaration. Plaintiffs filed this action on January 24, 2008, in order to collect delinquent contributions owed by Defendant. Service on Defendant Frank William Mitchell, individually and dba Mitchell Construction Drywall Metal Studs, was completed on February 6, 2008, and the Proof of Service was filed with the Court on February 15, 2008. Defendant has failed to plead or otherwise defend or appear in this action. As such, Plaintiffs filed a Request to Enter Default and Notice of Request for Default Judgment, and properly served the same on Defendant. Pursuant to Plaintiffs' request, the Clerk entered the Defendant's default on March 4, 2008.

## II. ARGUMENT

### A. THE COURT IS AUTHORIZED TO ENTER DEFAULT JUDGMENT

Defendant has failed to plead or otherwise defend or appear in this action. Based on Plaintiffs' request under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered the Defendant's default on March 4, 2008. Plaintiffs are therefore entitled to entry of judgment by default in their favor pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Defendant is not an infant or incompetent person. Accordingly, there exists no obstacle to the granting of Plaintiffs' instant motion.

### B. PLAINTIFFS ARE ENTITLED TO JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF THE UNPAID CONTRIBUTIONS OWED BY DEFENDANT UNDER ERISA

ERISA §515 (29 U.S.C. §1145) states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions <u>in accordance with the terms and conditions of such plan or such agreement.</u> (Emphasis added).

This action is based on the statutory duty provided by ERISA §515 for payment of contributions required by the terms of a valid collective bargaining agreement ("Bargaining Agreement") to which Defendant is signatory and the governing documents of the Plaintiffs Trust Funds which are incorporated into the Bargaining Agreement and made binding on Defendant. See <u>Cortez Declaration</u>; and <u>Stafford Declaration</u>. At the time of the January 24, 2008, filing of this action, Defendant failed to make contributions to Plaintiffs Trust Funds for work performed by its employees during the period from July 2007 through October 2007. See <u>Cortez Declaration</u>. Defendant's failure to comply with the terms of the Bargaining Agreement was the cause of this litigation, resulting in great expense to Plaintiffs in administration, attorneys' fees, and costs. See <u>Stafford Declaration</u>. Defendant has failed to appear in this action and Plaintiffs therefore request that default judgment be entered in their favor.

### C. STATUTORY AWARD OF LIQUIDATED DAMAGES, INTEREST, COSTS AND ATTORNEYS FEES IS MANDATORY

Upon entry of judgment in favor of Plaintiffs for the unpaid contributions, liquidated damages, interest, attorneys' fees and costs must be also be awarded pursuant to ERISA §502(g)(2)(B)(C) and (D). Interest on delinquent contributions plus liquidated damages, as well as attorneys' fees, and costs in an action for collection of unpaid contributions are authorized by ERISA §502(g), 29 U.S.C. §1132(g), which provides:

> (g)(2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (B)   interest on the unpaid contributions
>
> (C)   an amount equal to the greater of
>    (i) interest on the unpaid contributions,
>
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],

4
**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C08-0530 MMC**

   (D)  reasonable attorneys fees and costs of the action, to be paid by the defendant, and

   (E)  such other legal or equitable relief as the court deems appropriate.

To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions exist at the time the lawsuit was filed. <u>Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875 F.2d 212 (9th Cir. 1989).

In this case, July 2007 through October 2007 contributions were due and unpaid on January 24, 2008, when this action was filed. See <u>Cortez Declaration</u>. Said contributions plus liquidated damages and interest accrued thereon remain unpaid to date, as well as the attorneys' fees and costs, to which Plaintiffs' are entitled as provided above by ERISA §502(g), 29 U.S.C. §1132(g).

In <u>Local 81 v. Wedge Roofing</u>, 15 E.B.C. 2470 (N.D. Cal. 1991) this Court specified that liquidated damages shall also be awarded where further unpaid contributions become delinquent after the filing of the lawsuit. In accordance therewith, Plaintiffs claim any further contributions and liquidated damages owed by Defendant at the time of judgment. As of the date of filing of this Motion, Defendant further failed to submit a report for work performed by its employees during February 2008. Plaintiffs reserve the right to supplement and/or amend its moving papers as necessary to obtain a judgment for all additional sums owed by Defendant through judgment.

## III. CONCLUSION

Plaintiffs respectfully request this Court to grant the instant motion and award unpaid contributions, as well as liquidated damages, interest, attorneys' fees, and costs.

Dated: April 8, 2008    SALTZMAN & JOHNSON
             LAW CORPORATION


             By:_____/s/_____
              Michele Stafford
              Attorneys for Plaintiffs

5
**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C08-0530 MMC**

<u>PROOF OF SERVICE</u>

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On April 8, 2008, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

**Frank Mitchell
dba Mitchell Construction Drywall Metal Studs
310 Rancho Murieta Drive, Apt. D
Vacaville, California 95687**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 8th day of April, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

-1-
**PROOF OF SERVICE
Case No.: C08-0530 MMC**