Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs,
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>FRANK WILLIAM MITCHELL, individually and dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS,<br><br>Defendant. | Case No.: C08-0530 MMC<br><br>**DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:  May 13, 2008<br><br>Time:  9:00 a.m.<br><br>Courtroom: E, 15th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, California<br><br>Judge:  The Honorable Elizabeth D. Laporte |

I, Michele Stafford, declare:

1.     I am an attorney at law licensed to practice in the State of California, and am an associate of Saltzman and Johnson Law Corporation, attorneys for Plaintiffs herein.

2.     Plaintiffs are employee benefit plans and their trustees ("Trust Funds").

3.     As indicated by the signature page included in <u>Exhibit A</u> attached to the Declaration of Rose Cortez In Support of Motion for Entry of Default Judgment ("Cortez

Declaration"), Defendant is signatory to the Northern California Drywall Finishers Master Agreement between District Council No. 16 of International Union of Painters and Allied Trades ("Union") and the Northern California Drywall Contractors Association for the period August 1, 2003 through July 31, 2008 ("Bargaining Agreement.")

4. The Bay Area Painters and Tapers Pension Fund Trust Agreement ("Trust Agreement"), relevant portions of which are attached as Exhibit B to the Cortez Declaration, is incorporated into the Bargaining Agreement and made binding on Defendant.

5. In accordance with the Bargaining Agreement and Trust Agreements, Defendant is required to regularly pay contributions to the Plaintiffs Trust Funds, the amounts of which are determined by the number of monthly hours worked by Defendant's employees covered by the Bargaining Agreement.  Further, liquidated damages are calculated at $30.00 or 10% of delinquent contributions, whichever is greater, and interest is calculated at 7% per annum on the combined total of unpaid contributions plus liquidated damages, from the 21st day of each month in which no contributions were made until payment is received.

6. The Trust Agreement applicable to each of the individual Trust Funds has similar provisions obligating Defendant to contribute to the Trust Funds.

7. Attached hereto as Exhibit A and incorporated herein by this reference is a true copy the Collections Procedures for the Bay Area Painters and Tapers Trust Funds ("Collection Procedures").

8. As counsel for the Trust Funds, I am familiar with the Collection Procedures as it applies to delinquencies by employers.  These Collections Procedures were prepared by my firm and adopted by the Plaintiffs.

9. Attorneys' fees totaling $3,494.00 were incurred from January 14, 2008, through April 3, 2008, for preparation, filing and service of the Complaint herein; for conferences and

correspondence with clients and Plaintiffs' administrator; for conferences and correspondence with Defendant; for preparation of the Request for Default; calculation of all amounts due, and preparation of this Motion for Default Judgment, supporting declarations and proposed judgment.

10. I personally have spent 2.0 hours from January 14, 2008, to April 3, 2008, in connection therewith, and my time was billed at the rate of $180.00 per hour. Said attorneys fees were reasonably incurred in the total amount of $360.00.

11. I am informed and believe that Muriel Kaplan, a shareholder in this firm, spent .50 hours from January 14, 2007 to April 3, 2008, in connection with the above stated activities regarding this matter, billed at the rate of $185.00 per hour. Said attorneys fees were reasonably incurred in the total amount of $92.50.

12. I am informed and believe that Shaamini A. Babu, associate attorney with this firm, spent 13.00 hours from January 14, 2008, to April 3, 2008, in connection with the above stated activities regarding this matter, billed at the rate of $175.00 per hour. Said attorneys fees were reasonably incurred in the total amount of $2,275.00.

13. I am informed and believe that Vanessa de Fábrega, a paralegal in this law firm, spent 5.7 hours from January 14, 2008, to April 3, 2008, in connection with the above stated activities regarding this matter, at the rate of $105.00 per hour. Said fees were reasonably incurred in the total amount of $598.50.

14. I am informed and believe that Andrea Gonzalez, a former paralegal in this law firm, spent 1.6 hours from January 14, 2008, to April 3, 2008, in connection with the above stated activities regarding this matter, at the rate of $100.00 per hour. Said fees were reasonably incurred in the total amount of $168.00.

15. The costs that were incurred by Plaintiffs from January 23, 2008, through April 3, 2008, in connection with this action are:

| Filing Fee | $350.00 |
|---|---|
| Personal Service | $140.00 |
| Messenger Service | $72.48 |
| Research Fees | $53.97 |
| **TOTAL** | **$616.45** |

16. Attorneys' fees totaling $3,494.00 and costs totaling $616.45 were incurred from January 14, 2008, to April 3, 2008.

17. The default of Defendant was entered on March 4, 2008.

18. To the best of my knowledge and belief, and based on ongoing communications and reports received from the Defendant, the Defendant is not an infant or incompetent person, nor is Defendant in the military service of the United States of America.

I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

Executed this 8th day of April 2008, at San Francisco, California.

_____/s/_____
Michele Stafford

-4-
**DECLARATION OF M. STAFFORD**
**Case No.: C08-0530 MMC**

P:\CLIENTS\PATCL\Mitchell Construction\Pleadings\Motion for Default Judgment\C08-0530-MMC Decl of MRS 040708.DOC

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On April 8, 2008, I served the following document(s):

**DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **Frank Mitchell**
> **dba Mitchell Construction Drywall Metal Studs**
> **310 Rancho Murieta Drive, Apt. D**
> **Vacaville, California 95687**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 8th day of April, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

# EXHIBIT A

# BAY AREA PAINTERS AND TAPERS TRUST FUNDS

## Collection Procedures for Bargaining Unit Employees

### November, 2003
*[Revised June 17, 2004]*

f:\clients\painters\docs\November Collection Report-Revised June 17, 2004.wpd
*[July 1, 2004]*

# Bay Area Painter and Tapers Trust Funds

## Collection Procedures

I. **GENERAL PROCEDURES ON COLLECTION**

    A.    The Pension Trust will be the recipient Trust to record all Employer payments, including contributions, liquidated damages, interest, attorneys fees, costs & audit fees. Those amounts will be allocated among the Trusts as provided by the applicable collective bargaining agreements.

    B.    Pension credit shall be provided for employees' hours reported by employer, or by employees' timecards, paystubs, or other verification of hours worked.

    C.    Liquidated damages assessed at 10% on monthly delinquencies as provided by applicable collective bargaining agreement; if lawsuit is filed, liquidated damages assessed at 10% of delinquency, or an amount equaling interest charged at the applicable annual rate, whichever is greater.

        1.    Upon Board approval, liquidated damages shall not apply to late payment due to untimely monthly billing, or billing to wrong address.

        2.    Liquidated damages shall not apply to "simple late payments" under Northern California Master Agreements for Northern California Painters ("Painters") and Northern California Drywall ("Drywall") Employers.

        3.    Interest shall be charged from due date to payment, on contributions and liquidated damages total, only after referral to counsel. **Where liquidated damages have been waived, interest shall remain payable, in accordance with the collective bargaining agreement.**

        4.    Waivers of Liquidated Damages:

            a.    Upon written request, and upon direction of Board, one month in rolling (not calendar) twelve months shall be waived by administrator.

            b.    No waiver approved if Employer has outstanding delinquencies, or has had a waiver within preceding twelve months;

    c. Where multiple months of liquidated damages assessed, any waiver granted shall apply to earliest month of delinquency.

    **d.** **At the discretion of the Trustees, multiple months of liquidated damages may be waived where the Board determines that there has been:**

      **(1)** **Prompt response of the employer to the delinquency notice; AND**

      **(2)** **Miscommunication with administration or Union; or**

      **(3)** **New/inexperienced contributing employer; or**

      **(4)** **Credible explanation or extenuating circumstance, causing delinquency; AND**

      **(5)** **Prompt resolution of debt.**

    e. All liquidated damages older than 4 years shall be waived.

## II. DEFINITIONS

  A. <u>Contributing Employers</u>: Trust Fund contributions payable under these Procedures shall apply to Employers signatory to the Collective Bargaining Agreements (CBAs) with District Council No. 16 of the IUPAT.

  B. <u>Chronic Delinquent Employer</u>. Any Northern California Painter/Drywall employer paying late or no contributions for 2 consecutive months, or 3 months in a year (12 rolling months.)

  C. <u>Simple Late Payments</u>: Under Northern California Painters and Drywall CBA's, payments postmarked after cutoff day (15th of month for Painters; 20th of month for Drywall) but received within 15 days thereafter, up to twice per year, and up to 5 times during term of agreement: incur no liquidated damages but interest at prime plus 1% from due date.

  D. <u>Allocation</u>: Incomplete payments shall be allocated to the earliest delinquent month as follows or as otherwise directed by counsel:

    1. Beneficial/Holiday  4. Annuity  7. All other funds per CBA
    2. Dues        5. Pension
    3. Health Fund     6. Apprentice

  E. <u>Delinquency Subcommittee</u>: To be appointed by Chairman as needed, with full settlement authority.

## III.  CONTRIBUTION DELINQUENCIES

  A. Contributions for bargaining unit employees are to be billed by the end of each month;

  B. Payments are due on 1st day of month (last day of month for Fresno FCA);

  C. Delinquency incurred if report and contribution not postmarked by 15th day of month for Painters, 20th day of month for Drywall and Fresno FCA;

  D. Liquidated damages assessed as of 16th of month for Painters; 21st of month for Drywall and Fresno;

  E. Any check returned for "NSF" creates delinquency, if subsequent replacement payment clears after Due Date.

  F. Interest assessed from due date only after referral to Trust counsel, **except where liquidated damages have been waived.**

## Steps Taken By Administrator

|   | Time | Action |
|---|------|--------|
| 1. | Second business day after determination of delinquency (no payment received by bank or administrator) | Delinquency notice and demand sent **to employer,** including liquidated damages, **and if prior payment was $10,000 or more, refer to counsel for follow-up, showing all delinquent contributions and all liquidated damages due to date. Unreported months will be estimated at the amount last reported.** |
| 2. | Within final week of payment month, if contribution or liquidated damages due are not received | Delinquency with liquidated damages added to next monthly report sent to Employer. |
| 3. | Following month, if delinquency and current contribution not paid by due date | Refer to counsel **as above.** |
| 4. | Upon receipt of any delinquent payments referred to counsel | Attorney advised immediately by telephone <u>and</u> fax or email. Demand letter sent for any remaining amounts due, including liquidated damages and interest added by attorney. |
| 5. | Upon employer's failure to pay LDs/request waiver | Accrue employer's LDs; continue to add to monthly billing, and add to any future delinquency demand referred to counsel. |
| 6. | Upon employer's written request for waiver of liquidated damages | Present to Board for waiver determination, reporting any prior waivers. |
| 7. | Upon receipt of reported hours without contributions | Add billing with liquidated damages to next report; <br><br> Pension and Annuity Plans credited based on employer reports, or by employees' timecards or paystubs, whether or not contributions paid. <br><br> Health Fund employee coverage continues. |

f:\clients\painters\docs\November Collection Report-Revised June 17, 2004.wpd
*[July 1, 2004]*

|   |   | Beneficial and Holiday credit not processed until contributions received. Chronic delinquents (2 sequential months delinquent or 3 per year); and first year Employers under Sacramento PDCA contract; contributions are delinquent if not received by 5th of month. |
|---|---|---|
| 8. | Monthly status report of delinquencies | Updated and sent to Trustees, District Council 16, Trust counsel and Auditor. |

### **Steps Taken By Attorney**

| 1. | Upon receipt of referral | Demand letter sent. |
|---|---|---|
| 2. | 10 days after demand letter | File lawsuit including liquidated damages, and interest from due date, and/or take other appropriate action to be determined by circumstances (file proof of claim in bankruptcy, mechanics lien, stop notice, claim on bond, etc.) |
| 3. | Upon employer's 2 months of delinquencies | Written notice of delinquency provided to D.C. 16, which may issue 48 hour notice, with copy to counsel. |
| 4. | Within or upon 48 hours from notice issued by D.C. 16 | Advise D.C. 16 of status of payment or satisfaction. |
| 5. | **Upon settlement offer or request of employer** | **Contact Trustee subcommittee with recommendation.** |

### IV. STIPULATED JUDGMENTS REQUIRING PERIODIC PAYMENTS

#### Steps Taken By Administrator

| 1. | Upon determination of delinquent current contribution: | Prompt notice of new delinquency sent to Employer, with faxed copy to counsel; Referred to attorney with spreadsheet, showing all contributions due plus liquidated damages. |
|---|---|---|

#### Steps Taken By Attorney

| 1. | Upon entry of stipulated judgment | Copy sent to Administrator. |
|---|---|---|
| 2. | Upon receipt of notice of current delinquency, or upon default of Employer | Notice of default is sent to Employer specifying the act(s) of default, along with demand for stipulated payment and/or current delinquency; copy to administrator. Written notice of delinquency provided to D.C. 16 where 2 months are delinquent. |
| 3. | Upon receipt of any payments, or upon 48 hours from notice issued by D.C. 16 | Advise D.C. 16 by telephone and fax of payment status. |
| 4. | Upon unsatisfied delinquency or upon receipt of referral with less than 2 months' delinquencies | Execution commenced on outstanding balance and new lawsuit filed and/or other appropriate action taken, as necessary. |

### V. DELINQUENCIES AFTER EXPIRATION OF COLLECTIVE BARGAINING AGREEMENT

#### Steps Taken By Attorney

| 1. | Upon receipt of referral | Demand letter sent. |
|---|---|---|
| 2. | 10 days after demand letter | File unfair labor practice charge with NLR |