Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SB 230704)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al.; <br><br> Plaintiffs, <br><br> v. <br><br> FRANK WILLIAM MITCHELL, individually and dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS, <br><br> Defendant. | Case No.: C08-0530 MMC <br><br> **DECLARATION OF ROSE CORTEZ IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT** <br><br> Date:        May 13, 2008 <br><br> Time:        9:00 a.m. <br><br> Courtroom: E, 15th Floor <br> 450 Golden Gate Avenue <br> San Francisco, California <br><br> Judge:  The Honorable Elizabeth D. Laporte |

I, Rose Cortez, declare as follows:

1.      Plaintiffs are employee benefit plans and their trustees ("Trust Funds").

2.      I am an employee of Associated Third Party Administrators ("ATPA"), administrator of the Plaintiffs Trust Funds.  I am the Supervisor of the ATPA department responsible for receiving and recording monthly reports and contributions required from employers who are signatory to a Collective Bargaining Agreement.  This includes Defendant FRANK WILLIAM MITCHELL, individually and dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS ("Defendant.")

3.     When employers become delinquent on contributions, I supervise the calculation and monthly billing of liquidated damages and interest under the applicable Trust Agreements of the Plaintiffs Trust Funds which are incorporated into the Collective Bargaining Agreement and made binding on employers.

4.     Defendant is signatory to the Northern California Drywall Finishers Master Agreement between District Council No. 16 of International Union of Painters and Allied Trades ("Union") and the Northern California Drywall Contractors Association for the period August 1, 2003 through July 31, 2008 ("Bargaining Agreement.")   Attached hereto as <u>Exhibit A</u> and incorporated herein are true and correct copies of relevant excerpts of the Bargaining Agreement.

5.     Attached hereto as <u>Exhibit B</u>  are true and correct copies of relevant excerpts of the Bay Area Painters and Tapers Pension Trust Fund Agreement ("Trust Agreement") which is incorporated into the Bargaining Agreement and made binding on Defendant.

6.     The Bargaining Agreement and Trust Agreement requires the Defendant to regularly pay contributions to the Plaintiffs Trust Funds, the amounts of which are determined by the number of monthly hours worked by Defendant's employees covered by the Bargaining Agreement.  Said Agreements also requires Defendant to pay liquidated damages in the amount of $30.00 or 10% of delinquent contributions, whichever is greater, as well as interest at 7% per annum on the combined total of delinquent contributions and liquidated damages from the 21st day of the month until paid, together with reasonable attorneys' fees and costs.  See <u>Exhibit A</u>, Article 17, page 44; and <u>Exhibit B</u>, Article VII, paragraph 1 and 7(b).

7.     According to the records of ATPA, the Defendant in this action has submitted reports but failed to make payment of contributions for work performed by its employees during the period from July 2007 through October 2007.  Attached hereto as <u>Exhibit C</u> and incorporated herein are true and correct copies of the reports submitted by Defendant for the month of July

2007 through October 2007.

8.    Further, Defendant has failed to pay the liquidated damages and interest incurred for the period from July 2007 through October 2007.

9.    Based on the reports submitted by Defendant for the period from July 2007 through October 2007 that are attached hereto as Exhibit C, ATPA calculated the total amount of $22,704.92 owed for contributions, 10% liquidated damages, and 7% interest per annum on the combined sum of delinquent contributions and liquidated damages from the 21st of the month in which the contribution became delinquent through April 3, 2008, as follows:

| WORK MONTH | CONTR. OWED | LD (10%) | DAYS DELINQUENT | INTEREST (7% AS OF 4/3/08) | BALANCE |
|---|---|---|---|---|---|
| | | | | | ($314.98) |
| July 2007 | $2098.04 | $209.80 | 227 (x .44) | $99.88 | $2,092.74 |
| August 2007 | $5,132.81 | $513.28 | 196 (x 1.08) | $211.68 | $5,857.77 |
| September 2007 | $6,680.07 | $668.01 | 166 (x 1.41) | $234.06 | $7,582.14 |
| October 2007 | $6,355.79 | $635.58 | 135 (x 1.34) | $180.90 | $7,172.27 |
| **TOTAL** | **$20,266.71** | **$2,026.67** | | **$726.52** | **$22,704.92** |

10.    With respect to July 2007, liquidated damages were calculated at the rate of 10% of $2,098.04, the amount of the contributions reported, in accordance with the Bargaining Agreement and Trust Agreement.  Further, a previous credit of $314.98 was applied thereby reducing the July 2007 unpaid contributions to $1,783.06, and interest at the rate of 7% per annum continues to accrue on said amount.

I declare under penalty of perjury that the foregoing is true and correct and that if called upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.

Executed this 8th day of April 2008, at Alameda, California.

_____/s/_____
Rose Cortez

-3-
**DECLARATION OF R. CORTEZ**
**Case No.: C08-0530 MMC**

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California.  I am over the age of eighteen and not a party to this action.  My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On April 8, 2008, I served the following document(s):

**DECLARATION OF ROSE CORTEZ IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **Frank Mitchell**
> **dba Mitchell Construction Drywall Metal Studs**
> **310 Rancho Murieta Drive, Apt. D**
> **Vacaville, California 95687**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 8th day of April, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

# EXHIBIT A



Northern California
Drywall Finishers
Master Agreement

*between*

DISTRICT COUNCIL No. 16

*and*

NORTHERN CALIFORNIA
DRYWALL CONTRACTORS
ASSOCIATION

August 1, 2003 - July 31, 2008

EXHIBIT A-1

the union if prior to the taking of such action the Employer has raised a question concerning the interpretation, application or operation of this Agreement or concerning his obligation to pay wages or fringe benefits in dispute, and had deposited the full amount in dispute with the appropriate Trust Fund to be held by the Trust until the matter is resolved under the procedures set forth herein. The provisions for notice in this paragraph shall not apply to any action taken by the Union pursuant to Article 14.

## ARTICLE 16
### SEPARABILITY AND SAVINGS CLAUSE

If any Section, paragraph or Article of this Agreement should be held invalid by operation of law or by any tribunal of competent jurisdiction, or if compliance with or enforcement of any Section, paragraph or Article should be restrained by such tribunal pending a final determination as to its validity, the remainder of this Agreement or the application of such Section, paragraph or Article to person or circumstances other than those as to which it has been held invalid or as to which compliance with or enforcement of has been restrained shall not be affected thereby.

In the event that any Section, paragraph or Article is held invalid or enforcement of or compliance with any Section, paragraph or Article has been restrained, as above set forth, the parties affected thereby shall enter into immediate collective bargaining negotiations, upon the request of either party, for the purpose of arriving at a mutually satisfactory replacement for such Section, paragraph or Article, during the period of invalidity or restrain. If the parties do not agree

- 38 -

within a period of sixty (60) days on a mutually satisfactory replacement, either party shall be permitted all legal or economic recourse in support of its demands notwithstanding any provisions in this Agreement to the contrary.

It is understood and agreed that at such times as existing Federal Laws containing restriction on the form of Union recognition and Union security provision may be amended so as to make legal conditions and requirements other than those contained in this Agreement, then and in that event, either party to this Agreement may upon thirty (30) days notice in writing, given to the other party, reopen Article 7 of this Agreement for the purpose of negotiating changes in these Articles.

## ARTICLE 17
### ADMINISTRATION OF FRINGE BENEFITS

**Section 1. Retroactive Continuation of Trust:**
The Employer(s) signatory hereto hereby accepts and agrees to the continuation of the following Trust Funds:

1. Bay Area Painters and Tapers Pension Fund

2. Bay Area Painters and Tapers Health Fund

3. Bay Area Painters and Tapers Beneficial Fund

4. Bay Area Painters and Tapers Supplementary Holiday Fund

5. Bay Area Painters and Tapers Death Benefit Fund

6. Bay Area Painters and Tapers Joint Apprenticeship Training Fund

- 39 -

A-2

shall be made in accordance with Collective Bargaining Agreements, the Trust Agreements, and such regulations of the Trustees as are not inconsistent therewith, for all covered persons. Contributions shall be due and payable on the first (1st) day of each month for the monthly payroll period immediately preceding, and each monthly payment shall include contributions for all payroll periods which ended during the preceding month. Such contributions shall be paid to the Trust office. If payments of contributions are not made or if the forms or reports required by the Board of Trustees are not received at the principal office of the Trust by the twentieth (20th) day of the month, the Employer shall be deemed delinquent. Payment shall be on time if deposited in the United States mail, postage prepaid, and postmarked prior to midnight of the twentieth (20th) day of the month. If an Employer is delinquent for two (2) consecutive months or for three (3) months in any one (1) year, the Employer shall be deemed a "chronic" delinquent Employer and the contributions shall be due and payable on the first (1st) day of each month for the monthly payroll period immediately preceding as in the case of all Employers but shall be deemed delinquent if payment is not received at the Trust office by the fifth (5th) day of the month. If payment is not received by the fifth (5th) day of the month, the "chronic" delinquent Employer will be assessed the liquidated damages of paragraph 5 below said Employer shall post a surety bond to the Trust Funds as provided in paragraph 12 below. Further, the Trustees may, within their sole discretion, require "chronic" delinquent Employer to file contribution report forms and make contribution payments at more frequent intervals than monthly.

All Trust Fund contributions shall be held in trust by the Employer signatory to this Agreement until paid to the Trust Fund.

A person who signs a counterpart of this Agreement as an Employer, whether individually or on behalf of a partnership or corporation, shall be personally liable for the fringes of any other firm in which he/she is or becomes the Responsible Managing Officer or the Responsible Managing Employee for the Contractor's License purpose or in which he/she has an ownership interest and such other firm shall also be bound to this Agreement as a successor entity.

### Section 4. Collection of Contributions:

The Trustees may, in their sole discretion, sue an Employer in court for violation of any provision of this Collective Bargaining Agreement relating to Fringe Benefit contributions without first resorting to or utilizing the grievance and arbitration provisions of the Collective Bargaining Agreement.

The Trustees may bring suit (to compel an Employer to submit to an audit of its records, to collect fringe benefit contributions, or to enforce any other provision of the Agreement) in the City and County of San Francisco, or, at their sole discretion, in any other location where proper legal venue exists.

### Section 5. Liquidated Damages:

Insofar as payments by the individual Employer into the Trust Funds are concerned, time is of the essence. The parties recognize and acknowledge that the regular and prompt payment of amounts due by individual Employers to the Trust Funds is essential to the operation of the Trust Funds and the provision of benefits under the Health, Pension, Vacation and other benefit plans and that it would be extremely difficult, if not impractical to fix the actual expense and damages to the Trust Funds and to the covered employee(s) which would result from failure of an individual to make such monthly payments in full within the time provided. Therefore it is agreed that the amount of damage

- 42 -

- 43 -

A-3

resulting from such failure to make contributions hereunder before the fifteenth (15th) day of the month (or such other day established from the Employer as provided for herein) in which they are due shall be, by way of liquidated damages and not as a penalty, the sum of thirty dollars ($30.00) for each such failure to pay in full within the time provided or ten percent (10%) of the amount due and unpaid whichever is the greater, which amount shall become due and payable to the Trust Funds at the principal office of the Trust Funds upon the day following the fifteenth (15th) day (or such other day established for the Employer as provided for herein) of the month in which such delinquency occurred, and shall be added to and become a part of said amount due and unpaid the whole thereof shall bear interest at the rate of seven percent (7%) per annum until paid. If any individual Employer defaults in the payment of any payments due the Trust Funds, in addition to the amount due and the liquidated damages provided for in this Section, there shall be added to the obligation of the defaulter all reasonable expenses incurred by the Trust Funds, in the collection of the same, including but not limited to, reasonable attorney's and accountant's fees, costs of attachment bond, court costs and all costs of collection after a judgment is obtained. In addition to the foregoing, it shall not be a violation of the Collective Bargaining Agreement for the Union to refuse to refer or supply workers to any job or to withdraw employees from the job or jobs of a delinquent individual Employer.

## Section 6. Monthly Contribution Report Forms:

On forms furnished to them by the Trust Funds, Employers shall furnish to the Trustees a written monthly report setting forth the names, social security numbers and all hours worked by each covered person employed or if no such employees have worked during the month involved, a statement to that effect shall be made on each form. A copy of such form so executed

- 44 -

will be delivered by the Employer with his/her payment to the Trustees, said form to be retained by the Trustees as part of their permanent record. If payment is made in cash, the Trustees, will acknowledge such payment by official receipt. The information furnished by the Employer on the foregoing prescribed forms shall be treated as confidential by the Trustees and by the personnel of the Funds office, to be used only for the purpose intended, namely to evidence the Employer's compliance with the provisions of this Article. This information from the Employer shall not be made available to any individual agency outside of the Fund's office except; the Employer involved, authorized personnel of the District Councils, Local Unions and Associations or for the purpose of statistical information in which event the Employer's name shall not be publicized. (The foregoing shall not be construed to prohibit in any way the regular issuance of delinquency and reinstatement reports to the signatory organizations.) The contributions report forms shall be sent to the Trustees with the Employer's contributions as provided in paragraph 3 above.

## Section 7. Records to be kept by Employers:

Employers shall keep weekly time cards on which shall clearly appear the employee's full name and social security number, the job location, the hours worked each day and total hours worked each week, showing total straight time hours and total overtime hours. The time card shall be signed by the employee. The time card shall also show the type of work performed, if other than work covered by this Agreement.

Each paycheck and each stub or copy shall clearly indicate the employee's name, date of payment, pay period covered and shall include:

(1) Total straight time hours worked and rate of pay

(2) Total overtime worked and overtime rate

- 45 -

A·4

(3) Total gross wages paid

(4) Deductions itemized

(5) Net pay for period

If an Employer fails to keep records as above required, it shall be conclusively presumed that all sums paid to individuals by such Employer were wages for work covered by this Agreement.

### Section 8. Audits of Employer Records:

The Trustees, or their authorized representatives, may require any association, any Employer, the Union, any labor organization or any beneficiary to submit to it any information relevant to the administration of the Trusts. Upon notice in writing from the Trustees, an Employer must permit an accountant of the Trustees to enter upon the premises of such Employer during business hours to examine and copy the following records of the Employer:

(a) Canceled checks and check stubs showing all monies paid to each employee of the Employer for wages.

(b) Canceled checks, check stubs and business records of the Employer showing all sums paid to persons other than employees for work performed such as subcontractors, relatives, partners, and joint ventures of the Employer.

(c) The individual earnings records of each employee of the Employer showing the name and address of the employee, social security number, wage rate, hours worked, gross pay, amount withheld and net amount paid each employee.

(d) Copies of all fringe benefit monthly contribution report forms prepared for filing with the Bay Area Painters and Tapers Trust Funds and/or any other employee benefit trust fund(s) for each month.

(e) Those canceled checks showing sums actually paid by the Employer to the Bay Area Painters and Tapers Trust Funds for each month.

(f) Copies of the Employer's Quarterly Federal Tax Return Form 941 for each quarter and copies of Quarterly State Tax Returns DE 3 for each quarter.

(g) Individual employee's time records for each employee of the Employer.

(h) Records of each job involving application of paint or drywall taping by the Employer, to the extent the Employer has control of such records and that such records exist including:

(1) Name and address of the owner of the property where painting or drywall taping was done

(2) Street address where painting or drywall taping work was performed

(3) Total payroll cost of each job

(i) Copies of Federal Forms W-2 and W-3 prepared by the Employer for each employee.

(j) Disbursement Journal of the Employer

(k) Payroll Journal of the Employer

In the event that such examination of such Employer's records reveals that such Employer is not making full and prompt payments of all sums required to be paid by him to the Funds, then such Employer shall pay to the Funds such costs, including accountant fees, as may have been reasonably incurred in making such determination. Upon the written request of the Trustees, or their duly authorized representative, such Employer may be requested to bring his records for auditing to the San Francisco office of the Funds.

A5

## SIGNATORIES

This Agreement is made and entered into this first (1st) day August, 2003, by and between the members of:

### Northern California Drywall Contractors Association or Individual Employers

### &

### District Council No. 16

WE HEREBY AGREE TO THE TERMS AND CONDITIONS STATED HEREIN:

**District Council 16:**

Print Name: _CARL JONES_

Sign Name: _Carl Jones_

Date: _11-15-05_

**Individual Employer:**

Company: _Mitchell Const._

Print Name: _Frank Mitchell_

Sign Name: _Frank Mitchell_

Date: _11/15/05_

- 56 -

**DISTRICT COUNCIL 16**
Taper Wage Schedule A
Effective August 1, 2008

Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, Solano and Sonoma Counties.

# EXHIBIT B

RESTATED

## BAY AREA PAINTERS AND TAPERS
## PENSION FUND TRUST AGREEMENT

## ARTICLE I:  DEFINITIONS

1.    The term "Trust" shall mean the legal entity known as the Bay Area Painters and Tapers Pension Fund, which is created and established by this Trust Agreement.

2.    The term "Association" means any Employer Association which is signatory to a Collective Bargaining Agreement with the "Union" providing for contributions to this Trust.

3.    The term "Union" means Painters District Council Nos. 8, 16 and 33, and their affiliate Local Unions which are signatory to a Collective Bargaining Agreement providing for contributions to this Trust.

4.    The term "Employer" means any Employer which is signatory to a Collective Bargaining Agreement providing for contributions to this Trust by means of its membership in an Association or by means of having signed an individual Collective Bargaining Agreement with the Union, or any Employer who has agreed in writing to be bound by the terms of this Trust Agreement pursuant to a special written agreement with the Trustees.

5.    The term "Participant" means any employee who performs work under an agreement between an Employer and the Union, or under a special written agreement between an Employer and the Trustees which provides for contributions to this Trust, and who is or may be entitled to the benefits provided by this Trust.

6.    The term "Fund" means all of the assets of whatever kind which, from time to time, comprise the trust estate of this Trust.

EXHIBIT B-1

Benefits.   The Board of Trustees may require Employers, Associations, the Union, any Participant or beneficiary, to submit to the Board any information, data, report or documents reasonably relevant to or suitable for the purposes of administering the Trust and the Plan of Benefits.   Upon request in writing from the Board of Trustees, an Employer will permit a certified public accountant selected by the Board of Trustees to enter the premises of such Employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or reports of such Employer as may be necessary to determine whether the Employer is making full and prompt payment of all sums required to be paid to the Fund.   In any action to secure compliance with the provisions of this section or any other provision of the Trust Agreement, to enforce the prompt payment of contributions or any other sums owed to the Trust, or arising out of any dispute concerning the interpretation, application or enforcement of this section or of any other provision of the Trust Agreement, the action may be brought and tried in a court of competent jurisdiction located in the City and County of San Francisco, and each party to any such action expressly waives any right to change the venue of such action to any other County or to any other place.

ARTICLE VII:  EMPLOYER CONTRIBUTIONS.

1.   Each Employer shall pay to the Trust the monetary contribution for retirement benefits set forth in the Collective Bargaining Agreement (or other written agreement with the consent of the Trustees) to which the Employer is signatory.   In order to effectuate the purposes hereof, each Employer shall promptly contribute to the Trust the contributions required by the

11

B-2

Collective Bargaining Agreement or the special agreement to which it is subject. This Trust is a collectively bargained multi-employer plan and shall be funded by contributions by employers for each hour worked for each covered employee on a monthly basis as required by the Collective Bargaining Agreement then in effect. In special limited circumstances, this Trust may also be funded by other written agreements providing for flat-rate contributions.

2. The Trustees shall, where necessary, retain qualified consultants and actuaries to study and make recommendations, taking into account the special circumstances of the construction industry of Northern California, of the contributing Employers, of the covered employees, of the participants and beneficiaries. The Trustees, after due consideration of the recommendations and evaluation of the reasons for the recommendations, shall adopt a funding policy and shall establish a level of benefits.

3. Each Employer's contribution to the Trust shall be computed from and start accruing with the dates specified in the Collective Bargaining Agreement or in the special agreement under which it is covered. Each Employer shall continue to pay its contributions to the Trust as long as it is obligated.

4. All contributions shall be paid to the Trust and shall be paid and reported at such regular periods of time and in the manner and form as shall be determined by the Board of Trustees from time to time.

5. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of its obligation to contribute.

B-3

6.    Unless otherwise provided by law or contract, no Employer shall be responsible in any way for contributions from or obligations of other Employers to the Fund.  No Association shall be responsible in any way for contributions due from or obligations of Employers to the Fund.

7.    It is acknowledged that if any one of the Employers which is obligated to contribute to this Trust is in default for a short time, this default, in itself, could entail serious consequences. Should any of the Employers default, the effect upon the Trust would be serious and could render any Plan of Benefits hereunder financially unsound.

Further, the functions of this Trust can best be served by keeping costs of administration to a minimum.  Minimum administrative costs cannot be attained in the face of large scale and long continued delinquencies.  To guard against disaster and to encourage low administrative costs, the following is specifically set forth:

a.    The contributing Employers each month shall forward to the Office of the Trustees remittances and information returns, the forms and contents of which, and the manner and time of forwarding, shall be prescribed by the Trustees;

b.    Damages to the Trust in the event of a delinquency are extremely difficult if not impracticable to fix.  Therefore, it is established that the amount of damages for failure to pay in full within the time limits specified herein shall be, by way of liquidated damages and not assessment of penalty, the sum of ten (10%) percent of the amount due or the sum of thirty ($30.00) dollars, whichever is greater.  This amount shall be added to and

13

B-4

become a part of the amount due and unpaid and the whole thereof shall bear interest at the rate of the prime rate as published in the Wall Street Journal plus two (2%) percent per annum until paid. If the collective bargaining parties create a higher rate of liquidated damages and/or interest, then the higher rate shall apply.

8.   In addition to all other liability hereunder, a delinquent employer shall also be liable for costs of suit, costs of collection, audit fees and reasonable attorneys' fees.

## ARTICLE VIII:   AMENDMENTS

This Trust Agreement can only be amended according to the procedure set forth in this article.

No person, organization, or fiduciary shall have the power to amend this Trust as to any of the following:

1.   To change the basic purpose of the Trust;

2.   To cause any portion of the assets to revert to or be recovered by an Employer, an Association, any District Council, or local Union or to cause the diversion of any portion of the assets of the Trust to any purpose other than providing benefits to participants in the Plan of Benefits and their beneficiaries and defraying reasonable expenses of administering the Plan of Benefits;

3.   To adopt any amendment which conflicts with any applicable law or government regulation or which, where applicable, renders contributions by the Employers to the Trust not deductible by Employers for tax purposes, or taxable to the employees, or which renders the income received by the Trust non-exempt from taxation.

B-5

# EXHIBIT C

## MONTHLY REMITTANCE REPORT
### FOR
### DISTRICT COUNCIL 16 — BAY AREA
### TAPERS — COMMERCIAL

**BAY AREA PAINTERS AND TAPERS TRUST FUNDS**
P.O. BOX 23330
OAKLAND, CA 94623
(510) 864-6410

| FOR WORK IN | DUE | DELINQUENT | EMPLOYER NO. |
|---|---|---|---|
| 07/2007 | 08/01/07 | 08/15/07 | 2021-05800000 |

| NAME / SOCIAL SECURITY NO. | CLASS | JOURNEY -MAN 2216 | APPRENT 1ST 6M 2217 | CLEAN-UP 2218 | OUT OF AREA |
|---|---|---|---|---|---|
| DELINQUENT FOR WRKD: 02/2006 | | | | | |
| DELINQUENT FOR WRKD: 02/2007 | | | | | |
| DELINQUENT FOR WRKD: 06/2007 | | | | | |
| ESTES, JEFF W 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 | 0001 | | | | |
| GARCIA, MANUEL 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 | 0002 | | | | |
| INIGUEZ, MICHAEL L 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 | 0003 | 4/0 | | | |
| NICOLLS, RICHARD 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 | 0004 | 38 | | | |
| VAZQUEZ, SALVADOR 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 | 0005 | 4/0 | | | |
| WHITMIRE, ERIC J 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 | 0006 | | | | |
| **TOTAL HOURS** | | 17.78 | 7.54 | 7.34 | |
| **FRINGE RATE** | | | | | |
| **CONTRIBUTIONS** | | 2,098.04 | | | |

ER Only Paid $1,280 &
Balance Due $817.89

RECEIVED BY FREMONT BANK
SEP 12 2007
LOCKBOX

MAKE PAYABLE AND REMIT TO:
BAY AREA PAINTERS & TAPERS
TRUST FUNDS — FREMONT BANK
P.O. BOX 56984
HAYWARD, CA 94545-6984
I certify that the information contained in this report is true and accurate.

Signature/Title

| | |
|---|---|
| TOTAL CONTRIBUTIONS | 2,098.04 |
| PRIOR BALANCE | |
| TOTAL REMITTANCE | 2,098.04 |

MITCHELL CONSTRUCTION
BAY AREA COMMERCIAL
310 RANCHO MURITA DRIVE
VACAVILLE, CA 95687

FORM NO. ATP-F143    6M 6/07

BILLING ELIGIBILITY

03/27/2008 08:24 TEL 510 +3873080

# MONTHLY REMITTANCE REPORT
### FOR
## DISTRICT COUNCIL 16 — BAY AREA
### TAPERS — COMMERCIAL

**BAY AREA PAINTERS AND TAPERS TRUST FUNDS**
P.O. BOX 23130
OAKLAND, CA 94623
(510) 864-6410

— EMPLOYER STATUS

| FOR WORK IN | 08/2007 | DUE 09/01/07 | DELINQUENT 09/15/07 | EMPLOYER NO. 2021-0580000C | HIRE/TERM DATE |
|---|---|---|---|---|---|

| NAME / SOCIAL SECURITY NO. | CLASS | JOURNEY -MAN 2216 | APPRENT 1ST.6M 2217 | CLEAN-UP 2218 | | OUT OF AREA |
|---|---|---|---|---|---|---|
| DELINQUENT FOR WRKD: 02/2008 | | | | | | |
| DEL INQUENT FOR WRKD: 02/2007 | | | | | | |
| DELINQUENT FOR WRKD: 07/2008 | | | | | | |
| ESTES, JEFF W  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 | 0001 | Ø | | | | |
| GARCIA, MANUEL  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 | 0002 | Ø | | | | |
| ENRIQUEZ, MICHAEL I  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 | 0003 | 119 | Ø | | | |
| NICHOLS, RICHARD  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 | 0004 | Ø | | | | |
| VAZQUEZ, SALVADOR  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 | 0005 | 119 | | | | |
| MILITANTE, JERRY D  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 | 0006 | | | | | |

| TOTAL HOURS | 39 | 161 | 05 | 62.23 |
|---|---|---|---|---|---|
| FRINGE RATE | 18.53 | 7.79 | 7.53 | |
| CONTRIBUTIONS | 5,132.81 | | | |

MAKE PAYABLE AND REMIT TO:
BAY AREA PAINTERS & TAPERS
TRUST FUNDS — FREMONT BANK
P.O. BOX 56984
HAYWARD, CA 94545-6984

I certify that the information contained in this report is true and accurate.

_____
Signature/Title

| TOTAL CONTRIBUTIONS | 5,132.81 |
|---|---|
| PRIOR BALANCE | |
| **TOTAL REMITTANCE** | 5,132.81 |

Date 9/6/07

MITCHELL CONSTRUCTION
BAY AREA COMMERCIAL
310 RANCHO MURITA DRIVE
VACAVILLE, CA 95687

FORM NO. ATP-F143    6M 6/07

BILLING ELIGIBILITY

03/06/2008 12:04 TEL 510 +3373080

☎002/005

# MONTHLY REMITTANCE REPORT
## FOR
## DISTRICT COUNCIL 16 — BAY AREA
## TAPERS — COMMERCIAL

**BAY AREA PAINTERS AND TAPERS TRUST FUNDS**
P.O. BOX 23130
OAKLAND, CA 94623
(510) 864-8410

| | | EMPLOYER STATUS | EMPLOYER NO. | 2021-05800000 | HIRE/TERM DATE |
|---|---|---|---|---|---|

| NAME SOCIAL SECURITY NO. | CLASS | FOR WORK IN 09/2007 | JOURNEY-MAN 2216 | APPREN 1ST 6M 2217 | CLEAN-UP 2218 | DUE 10/01/07 | DELINQUENT 10/15/07 | OUT OF AREA |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT STATUS: | | | | | | | | |
| DELINQUENT FOR MR&D: 02/2008 | | | | | | | | |
| ACCOUNT STATUS: | | | | | | | | |
| DELINQUENT FOR MR&D: 02/2007 | | | | | | | | |
| INIGUEZ, MICHAEL I          0001 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 | | | 22 | | | | | |
| MITCHELL, RICHARD          0002 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 | | | 0 | | | | | |
| WHITMIRE, ERIC J          0003 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 | | | 114 | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| TOTAL HOURS | 360.5 | | | | | |
| FRINGE RATE | 18.53 | 7.79 | 7.53 | | | |
| CONTRIBUTIONS | 6,680.07 | | | | | |

Handwritten: 1245  567  95  6233

MAKE PAYABLE AND REMIT TO:
BAY AREA PAINTERS & TAPERS
TRUST FUNDS — FREMONT BANK
P.O. BOX 56984
HAYWARD, CA 94545-6984

I certify that the information contained in this report is true and accurate.

_Signature/Title_    10-8-07 _Date_

| | |
|---|---|
| TOTAL CONTRIBUTIONS | 6,680.07 |
| PRIOR BALANCE | 1,639.99 |
| TOTAL REMITTANCE | |

MITCHELL CONSTRUCTION
BAY AREA COMMERCIAL
310 RANCHO MURETA DRIVE
VACAVILLE, CA 95687

FORM NO. ATP-F-143    6M 6/07

BILLING ELIGIBILITY

03/06/2008 12:05 TEL 510 +3373080

☒003/005

# MONTHLY REMITTANCE REPORT
## FOR
## DISTRICT COUNCIL 16 – BAY AREA
## TAPERS – COMMERCIAL

**BAY AREA PAINTERS AND TAPERS TRUST FUNDS**
P.O. BOX 23130
OAKLAND, CA 94623
(510) 864-6410

| FOR WORK IN | 10/2007 | DUE | 11/01/07 | DELINQUENT | 11/15/07 | EMPLOYER NO. | 2021-0580000 |

| NAME SOCIAL SECURITY NO. | CLASS | JOURNEY-MAN 2216 | APPREN 1ST 6M 2217 | CLEAN-UP 2218 | | | OUT OF AREA | HIRE/TERM DATE |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT STATUS: WORK DATE: 02/2008 WORK DATE: 02/2007 WORK DATE: 07/2007 | | | LDs | 70.84 158.17 219.98 | | | | |
| INIGUEZ, MICHAEL I 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 | 0001 | NO REPORT NO REPORT | LDs LDs | | | | | |
| NICOLLS, RICHARD 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 | 0002 | 115 | | | | | | |
| WHITMIRE, ERIC J 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 | 0003 | 121 | | | | | | |
| Timothy Winkel T | | 107 | 567 | 95 | 6733 | | | |
| **TOTAL HOURS** | | 343 | | 70 | | | | |
| **FRINGE RATE** | | 18.53 | 7.79 | 7.53 | | | | |
| **CONTRIBUTIONS** | | 6,355.79 | | | | | | |

| | |
|---|---|
| TOTAL CONTRIBUTIONS | 6,355.79 |
| PRIOR BALANCE LD's | 1,639.99 448.79 |
| **TOTAL REMITTANCE** | |

MAKE PAYABLE AND REMIT TO:
BAY AREA PAINTERS & TAPERS
TRUST FUNDS — FREMONT BANK
P.O. BOX 56984
HAYWARD, CA 94545-6984

I certify that the information contained in this report is true and accurate.

_____
Signature/Title                    11-8-08
                                   Date

MITCHELL CONSTRUCTION
BAY AREA COMMERCIAL
310 RANCHO MURIETA DRIVE
VACAVILLE, CA 95687

FORM NO. ATP-F143   6M 11/08